FILED

OCT - 9 2001

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

218
of

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARNALDO RODRIGUES,<br><br>        Petitioner,<br><br>    v.<br><br>JEANNIE WOODFORD, Warden of<br>California State Prison at San Quentin,<br><br>        Respondent. | Case No. C 96- 1831 CW (BZ)<br><br>**DEATH PENALTY CASE**<br><br>**PETITIONER'S NOTICE OF<br>COMPLETION OF STATE COURT<br>PROCEEDINGS** |

1    JOHN R GRELE (State Bar No. 167080)
2  Attorney at Law
   1032 Irving Street (PMB 609)
3  San Francisco, California 94122
   Telephone:  (415) 664-5980
4  Facsimile:  (415) 664-5972

5
   JEANNIE R. STERNBERG (State Bar No. 79353)
6  HABEAS CORPUS RESOURCE CENTER
   50 Fremont Street, Suite 1800
7  San Francisco, California  94105
   Telephone: (415) 348-3800
8  Facsimile: (415) 348-3838

9
   Attorneys for Petitioner JOSE ARNALDO RODRIGUES
10

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13

14  JOSE ARNALDO RODRIGUES,                    )
                                               )   Case No. C 96- 1831 CW (BZ)
15             Petitioner,                      )
                                               )   **DEATH PENALTY CASE**
16       v.                                     )
                                               )   **PETITIONER'S NOTICE OF**
17  JEANNIE WOODFORD, Warden of                )   **COMPLETION OF STATE COURT**
    California State Prison at San Quentin,     )   **PROCEEDINGS**
18                                             )
               Respondent.                      )
19  _____)

20         Petitioner, Jose Arnaldo Rodrigues, as directed by this Court's order filed June 8,

21  1999, files a copy of the California Supreme Court's order disposing of his Petition for Writ of

22  Habeas Corpus.  The California Supreme Court order, attached hereto, issued on September 12,

23  2001.  Petitioner's counsel received a copy from the state court on September 19, having first

24  learned of the order from counsel for respondent.  Pursuant to this Court's June 8, 1999 Order

25  Re: Lodging and Filing of First Amended Petition, Petitioner's Amended Petition for Writ of

26  Habeas Corpus by a Person in State Custody ("Amended Petition") is to be filed as of

27  September 12.

28         As respondent's "Motion to Set Briefing Schedule" states, petitioner has no

    objection to the schedule proposed by respondent for the filing of respondent's Answer and



1  petitioner's Traverse. Petitioner makes no objection, however, on the understanding that
2  respondent's pleading "shall, conform to Rule 5 of the Rules Governing §2254 Cases."
3  L.R. 2254-29(d). Rule 5 requires the Answer be responsive to the factual allegations in the
4  petition so that the court and the parties may uncover quickly the genuinely disputed issues.
5  *See* Advisory Committee Note to Rule 5; *Williams v. Calderon*, 52 F.3d 1465, 1583 (9th Cir.
6  1995); *Bundy v. Wainwright*, 808 F.2d 1410, 1415 (11th Cir. 1987). Because the purpose of
7  the Answer "is to frame the issues in dispute," *Williams,* 52 F.3d at 1583, and enable each
8  party and the court to ascertain "the facts on which the opposing parties rely," *Walker v.*
9  *Johnston*, 312 U.S. 275, 284 (1941), so that the case may be fully, fairly, and expeditiously
10  adjudicated, a proper Answer by respondent "will contain 'factual allegations of the kind
11  which the show cause procedure was designed to elicit, responding directly to those of the
12  petition.'" *Peterson v. Wilson*, 373 F.2d 737, 738 (9th Cir. 1967) quoting *Gladden v. Gidley*,
   337 F.2d 575, 578 (9th Cir. 1964).

13  The local rule is consistent with these guiding principles. It requires respondent to
14  conform to rule 5, while permitting her also to file an accompanying points and authorities, if
15  respondent so chooses. In this "mandatory-permissive" dichotomy, L.R. 2254-29(d)
16  underscores the importance of factually responding to the allegations, admitting that which
17  reasonably cannot be disputed and denying those factual allegations with which respondent
18  genuinely can and does disagree. With the understanding that respondent's Answer will
19  specifically address each factual allegation by following the organization and numbering
20  system of the Amended Petition and set forth the applicable affirmative defenses, noting the
21  specific claims to which those defenses relate and providing a short summary of the predicate
22  facts on which the defenses are based, petitioner has no objection to respondent's proposed
23  schedule. Proceeding in this fashion will enable the Court and the parties to comply in an
24  orderly fashion with the subsequent procedures contemplated by L.R. 2254-29(e), including
25  the scheduling of motions for evidentiary hearing and any other pleadings, including motions
26  for summary adjudication. The local rules contemplate the filing of such motions only after
27  the Court has before it a Petition, Answer, and Traverse.

28

1        Petitioner has lodged, contemporaneously, a proposed order, which incorporates

2 respondent's proposed schedule and petitioner's position regarding the content of

3 respondent's Answer.

4

5 DATED:   September 26, 2001               Respectfully submitted,
                                         JOHN R. GRELE

6                                          JEANNIE R. STERNBERG

7

8                                     By: _____

9                                     JEANNIE R. STERNBERG,
                                    Counsel for Jose Arnaldo Rodrigues

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

SEP 1 2 2001

**S068488**

Frederick K. Ohlrich Clerk

DEPUTY

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re JOSE ARNALDO RODRIGUEZ on Habeas Corpus.

The petition for writ of habeas corpus, filed on March 6, 1998, is denied. All claims are denied on the merits.

Additionally, the following claims are denied on the specified procedural grounds. Except for claims X.K, XVI, XXVIII, XXIX, XXX, and XXXI, all claims are barred as untimely. (*In re Robbins* (1998) 18 Cal.4th 770, 780, 814, fn. 34; *In re Clark* (1993) 5 Cal.4th 750.) Except for claims X.K, XVI, XVII, XVIII, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVII, XXVIII, XXIX, XXX, and XXXI, all claims are barred as successive. (*In re Robbins, supra*, 18 Cal.4th at p. 788, fn. 9; *In re Clark, supra*, 5 Cal.4th at pp. 768, 782; *In re Horowitz* (1949) 33 Cal.2d 534, 546-547.) To the extent claims XI, XVII, XVIII, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, and XXVII allege claims other than ineffective assistance of counsel that were raised and rejected on appeal, they are barred by *In re Waltreus* (1965) 62 Cal.2d 218, 225 and *In re Harris* (1993) 5 Cal.4th 813, 825. To the extent claims XIV and XXVII could have been, but were not, raised on appeal, they are barred by *In re Dixon* (1953) 41 Cal.2d 756, 759 and *In re Harris, supra*, 5 Cal.4th at page 825, fn. 3. To the extent claims X.B through X.J, X.L through X.M, XI, XII, XV, XIX, and XXI duplicate claims raised and rejected in petitioner's first petition for writ of habeas corpus challenging this judgment, they are barred by *In re Miller* (1941) 17 Cal.2d 734. George, C.J., Baxter, J., Werdegar, J., and Chin, J., join in this paragraph.

George, C.J., Baxter, J., and Chin, J., would find claim X.K, barred as untimely (*In re Robbins, supra*, 18 Cal.4th 770, 780, 814, fn. 34; *In re Clark, supra*, 5 Cal.4th 750). as successive (*In re Robbins, supra*, 18 Cal.4th at p. 788, fn. 9; *In re Clark, supra*, 5 Cal.4th at pp. 768, 782; *In re Horowitz, supra*, 33 Cal.2d 534, 546-547), and, to the extent it duplicates claims raised and rejected in petitioner's first petition for habeas corpus, barred by *In re Miller, supra*, 17 Cal.2d 734. The same justices would find claims XIV.B, XIV.C, and XIV.D waived by the failure to raise these issues at trial. (*People v. Davenport* (1995) 11 Cal.4th 1171, 1195; *People v. Jenkins* (2000) 22 Cal.4th 900, 993; *People v. Visciotti* (1992) 2 Cal.4th 1, 47-48.)

Brown, J., would deny all claims solely on the merits.

Kennard, J. and Werdegar, J. would issue an order to show cause on claim X.K.

Chief Justice

PROOF OF SERVICE

*Jose Arnaldo Rodrigues v. Jeannie Woodford* - C-96-1831 CW (BZ)

I, Darryl Davis, declare that I am a citizen of the United States, employed in the City and County of San Francisco; I am over the age of 18 years and not a party to this action or cause; my current business address is 50 Fremont Street - 18th Floor, San Francisco, California 94105.

On September 26, 2001, I served a true copy of the following document:

PETITIONER'S NOTICE OF COMPLETION OF STATE COURT PROCEEDINGS

on each of the following in said cause by placing a true copy thereof in a sealed envelope, with first class postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as follows:

Joan Killeen
Deputy Attorney General
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA  94102-3664

I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 26, 2001 at San Francisco, California.

Darryl Davis