IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARNALDO RODRIGUES,<br><br>    Petitioner,<br><br>  v.<br><br>VINCE CULLEN, Acting Warden of the California State Prison at San Quentin,<br><br>    Respondent.              / | No. 96-1831 CW<br><br>ORDER DENYING CLAIMS AS MOOT AND REQUIRING PETITIONER TO FILE TRAVERSE |

    Petitioner Jose Arnaldo Rodrigues seeks a writ of habeas corpus. On January 11, 2002, Respondent Vince Cullen answered and filed the state court record. In his answer, Respondent identified several claims on which he believed Petitioner procedurally defaulted. At the March 15, 2002 case management conference, the Court set a briefing schedule concerning Petitioner's purported procedurally defaulted claims.

    On September 25, 2002, the Court stayed all proceedings on Petitioner's federal habeas case pending litigation in state court concerning his entitlement to relief under <u>Atkins v. Virginia</u>, 536 U.S. 304 (2002). On February 8, 2010, the Superior Court of San Mateo County granted Petitioner relief from his sentence of death and re-sentenced him to life imprisonment without the possibility of parole.

    In their July 1, 2010 joint statement, the parties agree that the state court's action renders moot claims 6-8, 23, 25-40, 42-43 and 45-46 of Petitioner's amended petition. Accordingly, the Court

DENIES these claims as moot.[1]

Within twenty-eight days of the date of this Order, Petitioner shall file a traverse. In his traverse, Petitioner shall address Respondent's argument concerning procedural default and, if necessary, exhaustion. Petitioner shall also address whether an evidentiary hearing is necessary on any issues and, if so, identify the disputed issues of material fact and his evidence on those issues. Respondent shall reply twenty-one days thereafter, addressing only procedural default, exhaustion and evidentiary hearing issues. The Court will notify the parties if a hearing is necessary; otherwise, the matter will be taken under submission on the papers.

IT IS SO ORDERED.

Dated: July 12, 2010

CLAUDIA WILKEN
United States District Judge

---

[1] Respondent asserts that claim 22 should likewise be dismissed in its entirety. Because Petitioner does not agree, the Court declines to dismiss the claim at this time.

2