

**KAMALA D. HARRIS**
*Attorney General*

State of California
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004
**Sarah J. Farhat**
**Deputy Attorney General**
Public: (415) 703-5500
Telephone: (415) 703-5866
Facsimile: (415) 703-1234
E-Mail: Sarah.Farhat@doj.ca.gov

June 6, 2016

The Honorable Claudia Wilken
United States District Court - Northern District of California
United States Courthouse
1301 Clay Street, Fourth Floor
Oakland, CA 94612

RE: *Jose Arnaldo Rodrigues v. W. L. Montgomery, Warden*
<u>United States District Court, Northern District of California, Case No. C 96-1831CW</u>

Dear Judge Wilken:

At the hearing on May 31, 2016, in the above case, this Court inquired about what the next steps would be if the Court were to find a factual dispute exists relative to Petitioner's substantive competency claim (Claim 1) – could the Court hold an evidentiary hearing on the question of Petitioner's competence to stand trial or would the case need to be sent to state court for such a hearing? While we believe the Court could order an evidentiary hearing, to be held in federal court, to resolve any remaining factual disputes, that option is available only if certain requirements are met.

As a threshold matter, the federal court must first assess whether the state court's adjudication of the claim was either contrary to, or involved an unreasonable application of, Supreme Court precedent that was clearly established at the time of the state court's opinion. *See* 28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). An evidentiary hearing can be granted only "where § 2254(d)(1) does not bar federal habeas relief." *Pinholster*, 131 S.Ct. at 1401. This includes, inter alia, a claim where the district court finds the state court's adjudication on the merits was objectively unreasonable, and some question of fact remains unresolved. *Id.* at 1412 (Breyer, J., concurring and dissenting in part); *Frantz v. Hazey*, 533 F.3d 724, 745 (9th Cir. 2008) (en banc) (if federal habeas court finds state court decision unreasonable, it must then decide the habeas petition by considering de novo the constitutional issues raised, and may order an evidentiary hearing if the record is insufficient to resolve an outstanding factual question). We have previously discussed why we believe the state court's denial of relief was reasonable. *See* Dkt. 354 at 10-27.

The Honorable Claudia Wilken
June 6, 2016
Page 2

Assuming § 2254(d) does not preclude relief and the federal court analyzes the claim *de novo*, an evidentiary hearing is appropriate only if "(1) the petitioner establishes a colorable claim for relief – i.e., the petitioner alleges specific facts that, if proven, would entitle him to habeas relief, and (2) the petitioner did not receive a full and fair opportunity to develop those facts in state court." *Samayoa v. Ayers*, 649 F. Supp. 2d 1102, 1117-18 (S.D. Cal. 2009) (citing *Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005)). To establish a colorable claim of incompetency to stand trial – the first requirement – the petitioner must "'present sufficient facts to create a real and substantial doubt as to his competency[.]'" *Deere v. Woodford*, 339 F.3d 1084, 1086 (9th Cir. 2003) (quoting *Boag v. Raines*, 769 F.2d 1341, 1343 (9th Cir. 1985)).[1] A "good faith" or "substantial doubt" exists "when there is substantial evidence of incompetence." *Id.* (quoting *Cuffle v. Goldsmith*, 906 F.2d 385, 392 (9th Cir. 1990)). "The second requirement is met by a showing that: (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair hearing." *Samayoa*, at 1117-18 (citing *Townsend v. Sain*, 372 U.S. 293, 312 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992).

Some federal and state courts have held that remand to the state court for a feasibility hearing (feasibility of a retrospective competency hearing), followed perhaps by a retrospective competency hearing, is an appropriate remedy for *Pate*[2] error (procedural competency claim). The leading case on this point is *Odle v. Woodford*, 238 F.3d 1084 (9th Cir. 2001). *See also Stanley v. Cullen*, 633 F.3d 852, 863-64 (9th Cir. 2011) (following *Odle* procedure); *Miles v. Stainer*, 108 F.3d 1109, 1114 (9th Cir. 1997) (remanding to district court with instructions to grant writ unless state trial court conducted a competency hearing); *Burton v. Cate*, 913 F. Supp. 2d 822, 840 (N.D. Cal. 2012) (following *Odle* procedure); *Stanley v. Ylst*, 2007 WL 2121845 (E.D. Cal. July 24, 2007) (with "competing factors in favor of and contrary to a retrospective hearing" *Odle* teaches that "the state courts should decide, in the first instance, whether such hearings are feasible"); *People v. Lightsey*, 54 Cal. 4th 668, 706-11 (2012) (holding that under circumstances presented, a limited reversal and remand for trial court to determine feasibility of retrospective competency hearing and, if so, to conduct such a hearing, was "both appropriate and permissible").

---

[1] Although both *Deere* and *Boag* involved pre-AEDPA petitions, they are cited for the same proposition in several recent district court decisions applying AEDPA. *See*, *e.g.*, *Morris v. Malfi*, 2010 WL 2629738, at *15 (N.D. Cal. June 29, 2010); *Hall v. Cate*, 2014 WL 3587509, at *13 (C.D. Cal. July 16, 2014); *Rincon v. Roe*, 2008 WL 1925231, at *1 (E.D. Cal. Apr. 30, 2008); *Anthony v. Lewis*, 2006 WL 37018, at *2 (E.D. Cal. Jan. 4, 2006).

[2] In *Pate v. Robinson*, 383 U.S. 375 (1966), the Supreme Court held that evidence introduced at the state trial had entitled the petitioner to a hearing on his competency to stand trial, and that the trial court's failure to make such an inquiry deprived the petitioner of his constitutional right to a fair trial.

The Honorable Claudia Wilken
June 6, 2016
Page 3

      However, this remedy appears limited to *Pate* error.  Respondent is unable to find any case in which a federal court remanded the matter to the state court for a feasibility or retrospective competency hearing after concluding that a *substantive* competency claim – and only a substantive competency claim – had merit.[3]  The absence of a case applying this remedy in a substantive competency context is made clear by the *Odle* Court itself, which crafted the remedy to provide the state trial court an opportunity to *cure its failure* to hold a competency hearing.  *See Odle*, 238 F.3d at 1089-90 ("The state court can nonetheless cure its failure to hold a competency hearing at the time of trial by conducting one retroactively"); *People v. Lightsey*, 54 Cal. 4th at 707 (reasoning that if it remained possible to provide the defendant that to which he was entitled at trial – a competency hearing – a remand to explore feasibility would "appropriately tailor the remedy 'to the injury suffered . . . [without] unnecessarily infring[ing] on competing interests'") (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1981)); *People v. Ary*, 118 Cal. App. 4th 1016, 1027 (2004) .

                                               Respectfully,

                                               /s/ *Sarah J. Farhat*
                                             SARAH J. FARHAT
                                             Deputy Attorney General

                       For     KAMALA D. HARRIS
                                             Attorney General

SJF:sf

cc:     John R. Grele, Esq., Law Offices of John R. Grele

SF1997XW0001
Letter to Court re evidentiary hearing question.doc

---

[3] Occasionally, opinions seem to conflate procedural and substantive competency claims.  More often, because a determination of a defendant's actual competence to stand trial is the ultimate goal of a competency hearing, actual competence is discussed within the context of the claimed denial or inadequacy of a competency hearing.  But as the Court is well aware, a claim that the trial court did not order a competency hearing when one was warranted (the outcome of which may have been competence to stand trial) is much different that a claim that a petitioner was, indeed, incompetent to stand trial.

# CERTIFICATE OF SERVICE

Case Name:  **Jose Arnaldo Rodrigues v. W. L. Montgomery, Warden**    No.  **C 96-1831CW**

I hereby certify that on <u>June 6, 2016</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**LETTER TO COURT RE EVIDENTIARY HEARING QUESTION DATED JUNE 6, 2016**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>June 6, 2016</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

California Appellate Project
Federal Court Docketing
101 Second Street, Suite 600
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>June 6, 2016</u>, at San Francisco, California.

| M Campos | /s/ M Campos |
|---|---|
| Declarant | Signature |

SF1997XW0001
20861979.doc20861979.doc