LAW OFFICE OF JOHN R GRELE
1000 Brannan St., suite 400
San Francisco, CA 94103
TELEPHONE: (415) 655-8776  |  FACSIMILE: (415) 484-7003

June 10, 2016

The Honorable Claudia Wilken
United States District Court
Northern District of California
1301 Clay St., 4th floor
Oakland, CA 94612

      Re:   *Rodrigues v. Montgomery*
              Case No. 96-1831 CW

Your Honor:

      This letter is in response to the Court's Order to submit additional authority on the question of the failure of the state court to hold a hearing on Mr. Rodrigues' incompetence at trial in light of the fact that numerous experts opine that he was incompetent, including the trial experts, one of whom (McKinzey) was prepared to offer testimony Mr. Rodrigues was incompetent.

      The state has offered a general primer on the deference according state court determinations under 28 U.S.C. §2254(d), and offers that there is no authority to send a matter back for a state court hearing absent the granting of the writ. While Mr. Rodrigues perhaps better appreciates the dilemma and frustration arising from a state court's repeated refusal to expend the time and resources for what appears to be necessary fact-finding, thereby forcing it upon the federal courts, it does appear Respondent is correct there is no authority for a limited remand on substantive competency.

      Mr. Rodrigues wishes to add, however, that Respondent has put forth a more rigorous standard of review than is required in this case, one that does not address this Court's quandary when faced with the lack of a state hearing. As the Court, the initial question is whether the state court either unreasonably applied Supreme Court precedent or made an unreasonable determination of the facts under section 2254(d)(1) and (2) in denying relief without an evidentiary hearing given the facts presented in the state court petitions. *See Brumfield v. Cain*, 135 S.Ct. 2269 (2015) (failure to hold hearing in state court unreasonable under 2254(d)(2)); *Hibbler v. Benedetti*, 693 F.3d 1140, 1146–47 (9th Cir.2012) (state court fact-finding process unreasonable for state court to not hold a hearing; use of federal standards as a guide to unreasonableness of state court processes); *Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir.2005) (same). And, because of California's standard for review of habeas allegations, if a petitioner has unarguably presented a prima facie case for relief on a claim, the state court's summary rejection of that claim would be unreasonable. *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir.2004); *Nunes v. Mueller*, 350 F.3d 1045, 1054–55 (9th

Hon. Claudia Wilken
US Dist. Judge
June 10, 2016
Page 2

Cir.2003). *See generally Frye v. Warden, San Quentin State Prison,* No. 2:99-CV-0628 KJM CKD, 2015 WL 300755, at *8-11 (E.D. Cal. Jan. 22, 2015) (discussing framework).

Mr. Rodrigues' case is rare indeed, especially given McKinzey's assessment. (Exh. 164, App. 10, pars. 8-20). In that regard, it is generally considered inappropriate to rely on simple interactions with an accused in assessing competency, such as trial counsel and a judge, and why a hearing with expertise is generally required. *Odle v. Woodford*, 238 F.3d 1084, 1089 (9th Cir. 2001). Thus, McKinzey is important not only for the two claims identified by the Court, but for Claim 2, procedural competency as well – he offers that what he observed of the court's interaction demonstrated incompetency. *See also Pate v. Robinson,* 383 U.S. 375, 386-87 (1966) (rejecting state court reliance on demeanor during brief hearings, including plea). Given these precedents, and McKinzey's observations as well as the habeas record, which remains uncontested by Respondent, it would be unreasonable to rely on the brief trial colloquies for any of the competency-related claims without holding a hearing.

Respondent is correct that if this Court finds the determination unreasonable under either under section 2254(d)(1) or 2254(d)(2), then, review is *de novo.* This review, though, may include the record of any evidentiary hearing. Respondent correctly does not assert the hurdles to evidentiary hearings, such as state court fact-finding at a hearing under section 2254(e)(1), or failure to fully develop claims to the state court under section 2254(e)(2) (when the state court holds a hearing). *See Earp v. Ornoski,* 431 F.3d 1158, 1170-72 (9th Cir. 2005)(standard a "low bar": assuming facts as alleged as true, would they entitle petitioner to relief). And, a hearing is not always necessary for the state to challenge evidence where, as here, the state does not contest the facts. *James v. Ryan*, 679 F.3d 780, 820-22 (9th Cir. 2012).

Although, as noted above, the threshold inquiries are influenced by the lack of a state hearing, Respondent's position that there is no supporting authority for a limited remand to the state court outside the context of Claim 2 is correct. It is worth noting that a remand for *Pate* claims includes a burden on the state to prove a retrospective competency hearing is feasible given the delay. If court were to entertain a hearing or a remand, the burdens associated with difficulties attributable to the state's failure to timely grant inquiry (22 years) should be shouldered by the state.

Respectfully submitted,

cc: Sarah Farhat, DAG (via PACER)